IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NOLAN WEBB,<br>　　Petitioner, | §<br>§<br>§ | |
| V. | § | A-07-CA-747-SS |
| | § | |
| NATHANIEL QUARTERMAN,<br>Director, Texas Dept. of Criminal Justice-<br>Correctional Institutions<br>Division,<br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Emergency Motion to Stop the AEDPA Clock (Document 3); and Petitioner's Motion for Leave to Proceed on the Attached Motion to Stop the AEDPA Limitations Period (Document 4). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause number 00-3612.  Petitioner asserts he was convicted of murder and was sentenced to 50 years in prison on August 18, 2000.  Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on November 29, 2001.  Webb v. State, No. 03-00-00613-CR, 2001 WL 1509547 (Tex. App. – Austin Nov. 29, 2001).  Because Petitioner's counsel on appeal failed to inform him that his conviction had been affirmed or that he could seek discretionary review, pro se, Petitioner was granted leave to file an out-of-time petition for discretionary review.  Ex parte Webb, No. AP-75380, 2006 WL 947495 (Tex. Crim. App. Apr. 12, 2006).  The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on September 27, 2006.  Webb v. State, PD 0715-06 (Tex. Crim. App. 2006).

On August 24, 2007, Petitioner placed his federal and state applications for habeas corpus relief into the prison mail system for mailing.  Petitioner requests the Court to "stop the AEDPA clock" while he exhausts his state court remedies.

**B.    Petitioner's Grounds for Relief**

Petitioner argues prosecutorial misconduct deprived Petitioner of a fair trial.  Specifically, Petitioner argues the prosecutor withheld exculpatory evidence that would have advanced, as well as corroborated, Petitioner's claim of self-defense.  All of the alleged exculpatory evidence was presented at a hearing on Petitioner's motion for new trial.

## II.  DISCUSSION AND ANALYSIS

A.  **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  **Application**

Petitioner's conviction became final, at the latest, on December 29, 2001, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals.  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state

court ended."). The fact that Petitioner was granted permission to file an out-of-time PDR has no effect on the date on which the limitations period began.

The Fifth Circuit Court of Appeals addressed this issue in Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004). Salinas's attorney failed to advise him that his conviction had been affirmed and that the attorney's court-appointed duty to represent him was terminated until seven months after the conviction had been affirmed. Id. at 427. Salinas filed a PDR and a motion for extension of time shortly thereafter, but his PDR was dismissed as time-barred. Id. He then filed a state application for habeas corpus relief, arguing in part that his appellate counsel failed to advise him timely of his right to file a PDR pro se. Id. Inexplicably, the Texas Court of Criminal Appeals denied his state application for habeas corpus relief. Id.

Salinas then filed a federal application for habeas corpus relief, which was dismissed as time-barred on November 18, 2002. Id. at 428. That same day Salinas mailed a motion to the district court informing it that the Court of Criminal Appeals, acting on its own motion on October 30, 2002, reconsidered the state petition and decided to award Salinas the right to file an out-of-time PDR. Id. As such, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals. Id.

On appeal the Fifth Circuit considered whether, as a corollary to the revival of Salinas's right to file a PDR, the AEDPA's one-year statute of limitations had not yet run on his petition. Id. at 429. Salinas argued his conviction was "de-finalized," and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003. Id.

The Fifth Circuit disagreed, stating the AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.  Id. (citing § 2244(d)(1),(2)).  The court continued, "[s]o long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action."  Id. at 429-30.  The court framed the issue as, not whether the Court of Criminal Appeals' action revitalized Salinas's limitation period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied.  Id. at 430.  Stated differently, the court considered whether, in Texas, the mechanism by which Salinas obtained the right to file an "out-of-time" PDR is part of the direct or collateral review process.  Id.  The court explained that if the relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal.  Id.  The court continued that if, on the other hand, an out-of-time PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief.  Id.  After reviewing the relevant state law, the court concluded that the Court of Criminal Appeals is authorized to grant an out-of-time PDR only through state habeas proceedings.  Id.  "As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statutes of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether."  Id.

In Petitioner's case, his conviction became final on December 29, 2001, at the conclusion of the time during which he could have filed a timely PDR.  Petitioner's first state application for

5

habeas corpus relief filed on November 25, 2005, was filed long after the expiration of the limitations period and did not operate to toll the limitations period.  Pursuant to Salinas, the Court cannot restart the running of the limitations period on the basis that Petitioner obtained the right to file an out-of-time PDR, because under Texas law an out-of-time PDR is awarded only as a result of the collateral review process.  Accordingly, Petitioner's federal application for habeas corpus relief is time-barred.

Petitioner requests the Court to docket and stay his federal application for habeas corpus relief while the Fifth Circuit revisits the Salinas decision.  Petitioner points out the Fourth Circuit disagreed with the Salinas decision in Frasch v. Peguese, 414 F.3d 518, 522 (4th Cir. 2005). Although Petitioner disagrees with the Salinas decision, it has not been overruled and is still Fifth Circuit precedent, which this Court is bound to follow.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred and his Motion for Leave to Proceed on the Attached Motion to Stop the AEDPA Limitations Period and his Emergency Motion to Stop the AEDPA Clock be dismissed as moot, as the limitations period has already expired.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE