IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NOLAN H. WEBB** | § | |
| | § | |
| **V.** | § | A-07-CA-747-SS |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 24); and Petitioner's response thereto (Document 25).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause

number 003612. Petitioner was charged with murder, as a habitual offender. On July 25, 2000, the jury found Petitioner guilty as charged, and the trial court assessed punishment at 50 years imprisonment.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on November 29, 2001. Webb v. Texas, No. 03-00-00613-CR (Tex. App. – Austin 2001). Upon being granted permission to file an out-of-time petition for discretionary review, Petitioner's petition for discretionary review was refused on September 27, 2006. Webb v. State, PDR No. 715-06.

Petitioner also challenged his conviction in a state application for habeas corpus relief. Ex parte Webb, Appl. No. 63,887-02. The Texas Court of Criminal Appeals denied the application in a written opinion on November 26, 2008. Ex parte Webb, 270 S.W.3d 108 (Tex. Crim. App. 2008).

**B.     Petitioner's Ground for Relief**

Petitioner raises only one ground for relief: prosecutorial misconduct. In his response to Respondent's answer Petitioner asserts he has also raised a claim of ineffective assistance of counsel. Contrary to Petitioner's assertion, nowhere in his federal application for habeas corpus relief does Petitioner raise a claim of ineffective assistance of counsel.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claim brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised his claim in previous state court proceedings.

**DISCUSSION AND ANALYSIS**

In his state application for habeas corpus relief Petitioner sought a new trial on the basis of prosecutorial misconduct. Id. at 111. The Texas Court of Criminal Appeals determined the factual

bases for Petitioner's claims were known to him at the time of trial and, therefore, that he could have raised such claims on direct appeal. Id.  Accordingly, the court concluded Petitioner's claims were not cognizable on habeas and denied Petitioner's application. Id. (citing Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

Respondent contends Petitioner's claim is procedurally barred.  Petitioner responds the "record claim" defense was not consistently applied at the time he filed his appellate brief.  He contends the "record claim" defense was not regularly followed until 2004, and his appellate brief was filed in 2000.

The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground. Coleman v. Thompson, 501 U.S. 722, 729-32, 111 S. Ct. 2546 (1991); Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).  In this case, the state habeas court expressly stated that Petitioner's claim was procedurally barred because he did not raise it on direct appeal.

To produce a federally cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time as of which it is to be applied." Ford v. Georgia, 498 U.S. 411, 424, 111 S. Ct. 850 (1991); see also Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).  The Fifth Circuit has recognized that, since at least 1998, the same procedural default rule relied upon by the state habeas corpus court in Petitioner's case has been firmly established for purposes of barring a claim from federal habeas review. See Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004) (holding that the rule in Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), which was modified on motion for rehearing on February 2, 1998, was "firmly entrenched" as a procedural default rule on that date); see also Bartee v. Quarterman, 574 F. Supp.2d 624, 668

(W.D. Tex. 2008) (holding that claims barred in state court by the "firmly entrenched" rule in Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996) were also defaulted on federal habeas review). Thus, this rule is sufficient to bar federal review.

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or if the default would work "a fundamental miscarriage of justice." Coleman, 501 U.S. at 750, 111 S. Ct. 2546; see also Haley v. Cockrell, 306 F.3d 257, 263 (5th Cir. 2002). Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of September, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE